IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JEFF ELLISON,**

    Plaintiff,

v.                                                     Civil Action No. 2:16-cv-02369

**CREDIT ACCEPTANCE CORPORATION,**

    Defendant.

### NOTICE OF REMOVAL

Defendant Credit Acceptance Corporation ("Credit Acceptance"), by counsel, hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of this Notice of Removal, Credit Acceptance states as follows:

### I.    PROCEDURAL BACKGROUND

1. On February 27, 2015, plaintiff Jeff Ellison ("Plaintiff") commenced this civil action by filing a complaint in the Circuit Court of Kanawha County, West Virginia, captioned *Jeff Ellison v. Credit Acceptance Corporation,* Civil Action No. 15-C-415 (the "Civil Action"). (Ex. A, Compl.) At that time, Plaintiff filed a stipulation with his Complaint. That stipulation advised that Plaintiff would not seek more than $75,000 in this action. (*Id.*) However, that stipulation allowed Plaintiff to abandon the limitations on his damages if this action is referred to arbitration. (*Id.*)

2. On April 3, 2015, Credit Acceptance filed an answer to the complaint. It specifically refrained from removing this action to this Court solely because Plaintiff had filed the stipulation limiting his damages.

3. On February 18, 2016, Plaintiff filed "Plaintiff's Motion to Compel Arbitration and Stay the Proceedings" ("Motion to Compel"), which was the first instance in which Plaintiff provided notice that the amount in controversy exceeded $75,000. (Ex. B.)

4. This Court is the District Court embracing Kanawha County, where the Civil Action is currently pending. L.R. Civ. P. 77.2. Venue is therefore proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action has been pending.

5. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet and all process, pleadings, and orders served in the state court action as of the date of this removal are attached hereto. (Ex. C.)

6. Pursuant to 28 U.S.C. § 1446(d), Credit Acceptance is filing this Notice of Removal in the state court action and serving it on Plaintiff. (Ex. D.)

## II. REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

7. This civil action is properly removable to this Court because Plaintiff engaged in bad faith in an attempt to prevent removal, the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties.

**A.     Bad faith and forum manipulation.**

8. Absent bad faith, a case may not be removed more than one year after the commencement of the action. 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

9. A case may be removed more than a year after the commencement of the action, however, if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Such bad faith exists where a plaintiff "deliberately fail[s] to disclose the actual amount in controversy to prevent removal . . . ." 28 U.S.C § 1446(c)(3)(B).

10. The Fourth Circuit has not addressed the factors for "bad faith" under 28 U.S.C. § 1446(c), but the defendant bears the burden of showing bad faith. *Ramirez v. Johnson & Johnson, et al*, 2015 WL 4665809. *3 (S.D.W Va. Aug. 6, 2015) (citation omitted).

11. In this case, Plaintiff went beyond failing to disclose the actual amount in controversy. He made affirmative representations that the amount in controversy in this action was less than $75,000 by filing and attaching a stipulation to his complaint.

12. More specifically, and as noted above, at the time he filed the Complaint, Plaintiff filed a stipulation limiting his recovery to an amount less than $75,000 "so long as [the] case remains in West Virginia Circuit Court or an Article III Court." (Ex. A at Stipulation.) The stipulation also stated that it had "no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding." (*Id.*)

13. Thus, diversity jurisdiction did not exist at the time the Complaint was filed. . As a result, Credit Acceptance did not remove this action to this Court at that time.

14. Plaintiff reiterated during discovery that his damages were limited by the stipulation. Specifically, Plaintiff calculated his statutory damages as being $110,380.91, but then averred that the "case [was] capped at $75,000 by stipulation. Therefore, damages are $75,000." (Ex. E at Resp. to Interrog. No. 12.)

15. Up and until he filed the Motion to Compel, Plaintiff repeatedly represented that his damages were capped at $75,000.

16. Plaintiff then filed his Motion to Compel on February 18, 2016, and it was received by undersigned counsel on February 22, 2016, mere days before the running of the one-year deadline in 28 U.S.C. § 1446.

17. The Motion to Compel asks the state court to change the forum in which Plaintiff *chose* to file his claims against Credit Acceptance after Plaintiff has engaged in discovery and obtained information from Credit Acceptance regarding the claims.

18. Because the stipulation expressly does not apply to arbitration, the Motion to Compel seeks to abandon the limitation on Plaintiff's damages after Credit Acceptance refrained from removing this action and the parties have engaged in discovery in state court. The filing of Plaintiff's Motion to Compel renders this action removable.

19. By filing a binding stipulation but then seeking to abandon that stipulation, Plaintiff has engaged in the type of bad faith that permits removal. Plaintiff failed to disclose the *actual* amount in controversy when he filed this action, an amount that he admits in his discovery responses is greater than this Court's jurisdictional threshold. Had he disclosed the actual amount in controversy and not filed the stipulation he now seeks to abandon, Credit Acceptance would have removed this action to this Court. As such, the Motion to Compel and Plaintiff's attempt to abandon his stipulation amount to a blatant attempt at forum shopping and reflect Plaintiff's bad faith in forum manipulation. .

20. Thus, the matter is removable under 28 U.S.C. § 1446(c)(1).

**B.     There is complete diversity among the parties.**

21.     Removal under 28 U.S.C. § 1332(a) is permissible if the action is between citizens of different states.

22.     Plaintiff is a resident of West Virginia.  (*See* Compl. ¶ 1.)

23.     Credit Acceptance is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan.  (Ex. F.)

24.     Therefore, the parties are completely diverse in satisfaction of 28 U.S.C. § 1332.

**C.     The amount in controversy threshold has been satisfied.**

25.     Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs.

26.     To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.  *County of Wyoming, W. V. v. U.S. Bank Nat'l Assoc.*, 20013 WL 622144, *5 (S.D.W. Va. Feb. 19, 2013); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W. Va. 2005); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

27.     In Count I of his Complaint, Plaintiff alleges various violations of five different sections of the West Virginia Consumer Credit and Protection Act.  (Compl. ¶¶ 11-13.)  Plaintiff is seeking the "maximum" statutory penalty, adjusted for inflation, for these purported violations.  (*Id.* at *ad damnum* clause following ¶ 25.)   In addition to the statutory penalties, Plaintiff has requested actual damages, general damages, attorney's fees,[1] costs, punitive damages, and cancellation of the debt.  (*Id.*)

---

[1] As a general rule, attorney's fees do not constitute a part of the amount of controversy because, under the "American Rule," a successful party does not typically collect attorney's fees as part of the judgment.  *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).  However, attorney's fees are to be included in calculating the amount in controversy if they are specifically made available by contract or statute.  *See Patton v. Fifth Third Bank*,

5

28. If Plaintiff's stipulation no longer applies, then the Court need look no further than Plaintiff's own discovery responses to find that the amount in controversy threshold is met. Those discovery responses indicate that Plaintiff values his statutory damages at $110,380.91. (Ex. E at Resp. to Interrog. No. 12.) In other words, but for the stipulation, this action would seek at least $110,380.91. Now that Plaintiff has moved to compel arbitration, he is seeking to abandon his stipulation and recover more than $75,000 in this action.

29. Thus, the total jurisdictional amount in controversy is met by Plaintiff's claimed statutory damages alone.

30. The amount in controversy is met before taking into consideration other relief sought by the Plaintiff, including actual damages, general damages, attorney's fees, costs, punitive damages, and cancellation of the indebtedness. (*See* Compl.) That additional relief sought in the Complaint is further evidence that the amount in controversy threshold is met.

31. Accordingly, this Court has diversity jurisdiction and the amount in controversy exceeds $75,000, exclusive of interest and costs.

32. Thus, this civil action is removable pursuant to 28 U.S.C. § 1332, and Credit Acceptance removes this civil action to this Court.

**WHEREFORE**, for the foregoing reasons, and pursuant to 28 U.S.C. § 1446, defendant Credit Acceptance Corporation respectfully requests that the above-referenced action, having been properly removed from the Circuit Court of Kanawha County, West Virginia, be docketed and proceed in this Court.

---

2006 WL 771924, at *3 (S.D.W. Va. Mar. 24, 2006); *Dunlap v. Green Tree Servicing, LLC*, 2005 WL 3177881, at *5 (S.D.W. Va. Nov. 28, 2005). Here, Section 46A-5-104 of the WVCCPA makes attorney's fees available. Accordingly, they must be considered in determining the amount in controversy. *See Patton*, 2006 WL 771924 at *3; *Dunlap*, 2005 WL 3177881 at *5.

**CREDIT ACCEPTANCE CORPORATION**

**By: Spilman Thomas & Battle, PLLC**

*/s/ Angela L. Beblo*
Nicholas P. Mooney II (WV State Bar No. 7204)
Angela L. Beblo (WV State Bar No. 10345)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (ZIP 25301)
P.O. Box 273
Charleston, WV  25321-0273
304.340.3800 (*phone*); 304.340.3801 (*facsimile*)
nmooney@spilmanlaw.com
abeblo@spilmanlaw.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**JEFF ELLISON,**

    **Plaintiff,**

**v.**                                                          **Civil Action No. 15-C-415**
                                                                    **Judge King**

**CREDIT ACCEPTANCE CORPORATION,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Credit Acceptance Corporation, do hereby certify that on March 11, 2016, a copy of the foregoing **Notice of Removal** has been served upon counsel of record via electronic notification through the Court's CM/ECF system, as follows:

> Benjamin Sheridan, Esquire
> Mitchell Lee Klein, Esquire
> Klein & Sheridan, LC
> 3566 Teays Valley Road
> Hurricane, WV 25526
> *Counsel for Plaintiff*

                                                  */s/ Angela L. Beblo*
                                                  Angela L. Beblo (WV State Bar No. 10345)